UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ROBERT L. COUSINS, et al., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:14-cv-00515-DBH |
| KEITH HIGGINS, et al., | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

In this matter, Plaintiffs allege that Defendants violated their civil rights. (Complaint, ECF No. 1.) The case arises out of a fire that occurred on Plaintiffs' property. According to Plaintiffs, at least some of the named Defendants are firefighters who responded to the fire. Plaintiffs also filed an application to proceed *in forma pauperis* (ECF No. 3), which application the Court granted (ECF No. 5).

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that … (B) the action … (ii) fails to state a claim on which relief may be granted …." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Fed. R. Civ. P. 8(a)(2) provides that a complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Although a *pro se* plaintiff's

complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint must at a minimum allege sufficient *facts* to state a claim. *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal construction given to *pro se* pleadings "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

In their complaint, Plaintiffs have named twenty (20) individuals as Defendants. Plaintiffs, however, have failed to assert any facts as to the involvement of fourteen (14) of the named individuals.[1] In addition, Plaintiffs' sole reference to Defendant William Weir is that he allegedly placed one of the firefighters at the scene "on extended leave." (Complaint ¶ 22.)

One cannot reasonably infer from the complaint that any of the fourteen individuals whom Plaintiffs did not reference in the substance of the complaint engaged in conduct that would constitute a deprivation of Plaintiffs' constitutional rights. Furthermore, Plaintiffs' assertion that Defendant Weir took some action regarding a non-plaintiff cannot be the basis of a claim for which Plaintiffs can recover.

Plaintiffs, therefore, have failed to state a claim against the fourteen individuals and Defendant Weir. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), the recommendation is that the Court dismiss Plaintiffs' claims against Defendants Porier, LaPrade, Kelly, Weir, Tracy Patton, Wayne Patton, Sanborn, Thomas Chisolm, Samuel Chisolm, Gilley, Jr., and John Doe #1 through John Doe #5.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is

---

[1] Plaintiffs do not mention in the substance of the complaint the following individuals named in the caption of the complaint: Lt. Dudley Porier, James LaPrade, David Kelly, Tracy Patton, Wayne Patton, Colton Sanborn, Thomas Chisolm, Samuel Chisolm, Hugh Gilley, Jr., and John Doe #1 through John Doe #5.

sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of December, 2014.