# DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| ROBERT L. COUSINS AND JUDY A. COUSINS, </br></br>       PLAINTIFFS </br></br> v. </br></br> KEITH HIGGINS, HEATH HIGGINS, TADD JEWETT, MATTHEW TETREAULT AND MATTHEW LINDSLEY, </br></br>       DEFENDANTS | CIVIL NO. 1:14-CV-515-DBH |

## ORDER ON MOTION FOR RECONSIDERATION

This motion for reconsideration under Federal Rule of Civil Procedure 59(e) asks me to change my determination that the plaintiffs Cousins did not state a *federal* claim[1] related to the fire that destroyed their home and restaurant (Cap'n Nemo's) in Bass Harbor, part of Tremont, Maine. The motion is **DENIED**.

Motions for reconsideration are granted only "where the movant shows a manifest error of law or newly discovered evidence." Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008). The Cousins fail to meet that standard. "[A] party moving for Rule 59(e) relief may not repeat arguments previously made" in opposing the motion to dismiss. Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012).

---

[1] I declined to exercise supplemental jurisdiction over attendant state law claims. 28 U.S.C. § 1367.

On June 15, 2015, I issued an Order in this case granting the defendants' motion to dismiss (without prejudice as to assertion of the state law claims in state court) and denying the plaintiffs' motion to amend their complaint. In that Order, I ruled: 1) the Cousins did not assert that the defendants were acting under color of law when they allegedly stole from the Cousins' property; 2) the firefighters' failure to extinguish the fire was not a substantive due process violation, as the Constitution does not require cities to provide the public with fire protection; 3) the Cousins did not adequately allege that their speech motivated the firefighters' treatment of Cap'n Nemo's during the fire; 4) the Cousins did not meet the "very significant burden" of identifying others similarly situated but treated differently for purposes of the class-of-one equal protection claim; 5) the equal protection class-of-one claim was not available to the Cousins for their challenge to the firefighting decisions that were made on December 4, 2013; 6) section 1985(3) did not "reach conspiracies motivated by economic or commercial animus"; 7) the Cousins failed to allege any facts that the defendants conspired against them *because* Mr. Cousin is a veteran or has a disability; 8) failure of the section 1985 claim doomed the section 1986 neglect-to-prevent-a-conspiracy claim; 9) the amended complaint failed to assert that it was Robert Cousins' disability that motivated the defendants' conduct with respect to the fire; and 10) none of the Cousins' submissions pleaded a pattern of racketeering activity. Decision and Order on Defs.' Mot. to Dismiss and Pls.' Mot. to Amend Compl. (June 15, 2015) (ECF No. 23).

Now in this motion, the Cousins again assert violations of their right to freedom of speech under the First Amendment, Substantive and Procedural Due

Process violations, Fourteenth Amendment Equal Protection violations, discrimination under the Americans with Disabilities Act, and claims under Sections 1985 and 1986.  Pls.' Mot. to Alter or Amend J. (July 14, 2015) (ECF No. 25).  But they do not show "manifest errors of law or fact."  Markel Am. Ins. Co., 674 F.3d at 32.  Instead, they "press . . . unsuccessful arguments a second time in the hope that, by repetition, the court will see them [the plaintiffs'] way."  Widi v. McNeil, No. 2:12-cv-188-JAW, 2014 WL 640286, at *1 (D. Me. Feb. 18, 2014), appeal dismissed (Oct. 8, 2014).  I considered all their arguments seriously the first time, and I see no reason to amend or alter the judgment.  If the Cousins disagree with my ruling, their remedy is to appeal to the United States Court of Appeals for the First Circuit.

Now, for the first time, the Cousins plead that the prior owner of the building also experienced a fire, but that in his case, the firefighters allowed the owner to extinguish the fire before it had done "any substantial damage."  Pls.' Mot. to Alter or Amend J. at 9 (July 14, 2015) (ECF No. 25).  This, they say, is evidence of different treatment of others, similarly situated—such that they can assert a cognizable "class of one" equal protection claim.  But the Cousins do not claim that this evidence is "newly discovered."  Cf. Prescott, 538 F.3d at 45 (Rule 59(e) motion may have prevailed if claimant had pointed to "newly discovered evidence.").  A motion for reconsideration is "not the place to present arguments that could, and should, have been raised before the court's pulling of its judgment trigger."  Markel Am. Ins. Co., 674 F.3d at 32.  Rule 59(e) motions for reconsideration "are aimed at *re* consideration, not initial consideration."  Id. at 33 (citation omitted) (emphasis in original).

3

I conclude that the Cousins have failed to show grounds that, under Rule 59(e), warrant any alteration or amendment of the judgment. The motion for reconsideration is **DENIED.**

**SO ORDERED.**

**DATED THIS 26TH DAY OF AUGUST, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**