UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ROBERT L. COUSINS AND JUDY A. COUSINS, <br><br>  PLAINTIFFS <br><br> v. <br><br> KEITH HIGGINS, HEATH HIGGINS, TADD JEWETT, MATTHEW TETREAULT, MATTHEW LINDSLEY, COLTON SANBORN, SAMUEL CHISHOLM, AND TOWN OF TREMONT, <br><br>  DEFENDANTS | CIVIL NO. 1:14-CV-515-DBH |

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT**

The motion for relief from judgment under Fed. R. Civ. P. 60(b) and hearing request are **DENIED**. The First Circuit states that a necessary element for relief under Fed. R. Civ. P. 60(b)(3) is that the alleged misconduct "substantially interfere[ ] with [the plaintiffs'] ability fully and fairly to prepare for, and proceed at, trial." Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 134 (1st Cir. 2005). I apply that same requirement to a case like this that is resolved on summary judgment.[1] All the arguments the plaintiffs make in their motion for

---

[1] The motion cites Fed. R. Civ. P. 60(b)(3) (fraud, misrepresentation, or misconduct), (b)(6) (any other reason that justifies relief), and (d)(3) (fraud on the court). Roger Edwards demonstrates that (b)(3)'s fraud standard and (d)(3)'s fraud on the court standard are not satisfied. The plaintiffs do not show how they satisfy the catch-all provision of (b)(6), for which the leading cases generally require "exceptional or extraordinary circumstances," 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure (hereinafter, "Wright & Miller") § 2857, p. 326 (2012); see also Ackermann v. U.S., 340 U.S. 193 (1950); Klapprott v. U.S., 335

relief were available to them at the time they responded to the defendants' motion for summary judgment and later objected to the Magistrate Judge's Recommended Decision in the defendants' favor.[2] Their motion raises nothing that could not have been addressed earlier.[3] Instead, it is a late attempt to relitigate the motion for summary judgment.[4] Following <u>Commonwealth of Puerto Rico v. SS Zoe Colocotroni</u>, 601 F.2d 39, 42 (1st Cir. 1979), I **DENY** the motion now, while the plaintiff's appeal to the First Circuit is pending.

**SO ORDERED.**

**DATED THIS 23RD DAY OF OCTOBER, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

U.S. 601, 613-614 (1949). Most often a successful (b)(6) motion involves "fail[ing] to receive notice of the entry of judgment in time to file an appeal," 11 Wright & Miller § 2864, p. 488 (2012).

[2] A leading treatise states that the cases "have been unyielding in requiring that a party show good reason for the failure to take appropriate action sooner." 11 Wright & Miller § 2857, p. 327 (2012).

[3] In fact, they did make some of the arguments earlier. <u>See</u> Plaintiffs' Opposition to Defendants' Motion for Summary Judgment pp. 17-18 (ECF No. 80) (asserting that fraudulent conduct prevented fair presentation of claim); <u>see also</u> Objection to Recommended Decision p. 7 (ECF No. 86) ("Plaintiffs claim fraud on the court."). But the arguments were insufficient to avoid the defendants' successful motion for summary judgment.

[4] "The motion will be denied if it is merely an attempt to relitigate the case . . . ." 11 Wright & Miller § 2860, p. 416 (2012).