# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| ROBERT L. COUSINS AND JUDY A. COUSINS,<br><br>PLAINTIFFS<br><br>v.<br><br>KEITH HIGGINS, HEATH HIGGINS, TADD JEWETT, MATTHEW TETREAULT, MATTHEW LINDSLEY, COLTON SANBORN, SAMUEL CHISHOLM, TOWN OF TREMONT, AND TREMONT VOLUNTEER FIRE DEPARTMENT,<br><br>DEFENDANTS | CIVIL NO. 1:14-CV-515-DBH |

## PROCEDURAL ORDER AND COLOCOTRONI MEMORANDUM

This is a case where summary judgment in the defendants' favor is on appeal to the First Circuit.[1] Now for the second time during the appeal, the plaintiffs have moved for relief from judgment in this court.[2] I follow the First Circuit's direction as to how a district court should resolve such motions during an appeal:

> [W]hen an appeal is pending from a final judgment, parties may file Rule 60(b) motions directly in the district court without seeking prior leave from us. The district court is directed to review any such motions expeditiously, within a few days of their filing, and quickly deny those which appear to be without merit, bearing in mind that any delay in ruling could delay the pending appeal. If the district court is inclined to grant the motion, it should issue a brief memorandum so indicating. Armed with this, movant may then request this court to remand the action so that the district court can vacate judgment and proceed with the action accordingly.

---

[1] The plaintiffs filed their notice of appeal on August 29, 2018 (ECF No. 91).
[2] I denied the first motion on October 23, 2018 (ECF No. 98).

Commonwealth of Puerto Rico v. SS Zoe Colocotroni, 601 F.2d 39, 42 (1st Cir. 1979). Moreover:

> If the district court is unable conscientiously to dispose of the motion within a few days of its filing because it requires further argument, briefing, or the like, it should issue a brief memorandum to this effect. The memorandum should indicate that the motion is non-frivolous and not capable of being fairly decided solely on the basis of the court's initial screening and that the court will require a specified number of more days to complete its review and issue an order. . . . This memorandum will enable us to act intelligently on extension requests made in the appeal.

Id. at 42 n.3.

The plaintiffs bring this motion under Fed. R. Civ. P. 60(b)(1), claiming "mistake, inadvertence, surprise or excusable neglect." They say that when they objected to the defendants' motion for summary judgment on February 9, 2018 (ECF No. 80):

> [W]e inadvertently submitted a 13 page document in duplicate instead of the correct 13 p. PLAINTIFFS' STATEMENT OF MATERIAL FACT (documented from the record). Plaintiff's mistakenly believed that the document had been filed properly. Plaintiffs acted in good faith and had no comprehension of what had been done.

Pls.' Mot. at 1 (ECF No. 99). They also say: "For this error in submission, we apologize. The error was not discovered by us until (November 4, 2018). There is simply too much at stake to lose because of the difficulty in ascertaining that proper filing was accomplished." Id.

In the defendants' response to the motion, they say that "Plaintiffs' claimed mistake does not make sense." Defs.' Opp'n to Pls.' Second Mot. for Relief from J. at 1 (ECF No. 103). In fact, there does not appear to be any 13-page document on the ECF docket, duplicate or otherwise, on or around that February date.

The plaintiffs are *pro se* parties and under this Court's procedures, they email their documents to the Clerk's Office ECF Inbox. Admin. Proc. Governing the Filing and Service by Electronic Means, D. Me. L.R. App. IV (b)(2); District of Maine, Information for Pro Se Parties, Appendix G: ECF Registration Form for Pro Se Filers and Instructions for Non-Prisoner, Pro Se Litigants Registered with CM/ECF, https://www.med.uscourts.gov/pdf/PRO_SE_INFORMATION_HANDOUT.pdf. It is then incumbent upon the case managers to docket what they have emailed. I am attempting to reconstruct, with the assistance of the Court's IT staff, what the plaintiffs actually emailed in February and what the case managers docketed. I need to do that before I can determine whether there is substance to the plaintiffs' motion and, if so, what the consequence should be.

In accordance with the Colocotroni instruction, 601 F.2d at 42 n.3, I now state that until I can clarify the ECF filing and docketing record, the plaintiffs' motion is not capable of being fairly decided solely on the basis of the Court's initial screening. The plaintiffs' reply to the defendant's response to their motion is due December 14, 2018. This Court will require until December 21, 2018, to review that response, finish its clarification of the ECF filing and docketing record, and issue an order.

The Clerk's Office shall immediately provide this memorandum to the Court of Appeals.

**SO ORDERED.**

**DATED THIS 4TH DAY OF DECEMBER, 2018**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**