**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| ROBert L. Cousins and Judy A. Cousins, )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>Keith Higgins, Heath Higgins, )<br>Tadd Jewett, Matthew )<br>Tetreault, Matthew Lindsley, )<br>Colton Sanborn, Samuel )<br>Chisolm, Town of Tremont, and )<br>Tremont Volunteer Fire )<br>Department, )<br>)<br>Defendants ) | Civil No. 1:14-cv-515-DBH |

**ORDER ON SECOND MOTION FOR RELIEF FROM JUDGMENT**

**Background**

The plaintiffs have appealed summary judgment in the defendants' favor to the First Circuit Court of Appeals.[1] Now, for the second time during the appeal, the plaintiffs have also moved for relief from judgment in this district court. Following the First Circuit's instructions on how a district court should resolve such motions during an appeal, Commonwealth of Puerto Rico v. SS Zoe Colocotroni, 601 F.2d 39, 42 (1st Cir. 1979), and following an earlier Procedural Order and Colocotroni Memorandum explaining my delay (ECF No. 104), I now **Deny** this second motion.

---

[1] The plaintiffs filed their notice of appeal on August 29, 2018. (ECF No. 91.)

The plaintiffs bring their motion under Fed. R. Civ. P. 60(b)(1), claiming "mistake, inadvertence, surprise or excusable neglect." Pls.' Mot. at 1 (ECF No. 99). They say that when they objected to the defendants' motion for summary judgment on February 9, 2018, Pls.' Opp'n to Defs.' Mot. for Summ. J. ("Pls.' Opp'n") (ECF No. 80), they:

> inadvertently submitted a 13 page document in duplicate instead of the correct 13 p. PLAINTIFFS' STATEMENT OF MATERIAL FACT (documented from the record). Plaintiff[s'] mistakenly believed that the document had been filed properly. Plaintiffs acted in good faith and had no comprehension of what had been done.

Pls.' Mot. at 1. They also say: "For this error in submission, we apologize. The error was not discovered by us until (November 4, 2018). There is simply too much at stake to lose because of the difficulty in ascertaining that proper filing was accomplished." Id. They now have docketed a 13-page "Plaintiffs Statement of Material Fact" ("Pls.' Statement") (ECF No. 100) that includes citations to the record.

Because I could not find on the ECF docket any duplicate 13-page document—and because the defendants argued that the plaintiffs had filed only one document, 25 pages long, not a 13-page document, and that the "claimed mistake does not make sense," Defs.' Opp'n to Pls.' Second Mot. For Relief from J. at 1 ("Defs.' Opp'n") (ECF No. 103)—I asked the Clerk's Office to elucidate what actually happened in the February filing. Procedural Order and Colocotroni Mem. at 3. The Clerk's Office has now done so in the Declaration of Michelle Thibodeau (ECF No. 107). It appears that on February 9, 2018, the plaintiffs emailed the Clerk's Office two copies of the first thirteen pages (numbered 1

2

through 13) of their objection to the defendants' summary judgment motion, as well as a single copy of the last twelve pages (numbered 14 through 26, but with no page 16). When the Clerk's Office inquired by email, "Did you intend to file duplicate documents?", the plaintiffs responded by email, "We did not intend to send the duplicate." As a result, the Clerk's Office combined one of the first two 13-page filings numbered 1 through 13 with the succeeding 12-page filing numbered 14 through 26 (with no page 16) to generate a single 25-page document (1 through 13 and 14 through 26, with no page 16) as the Opposition. See Pls.' Opp'n. That explains why no 13-page document is discernible on ECF.[2]

**ANALYSIS**

I now **DENY** the plaintiffs' second motion for relief for the following reasons:

1. The Magistrate Judge carefully explained, in advance, the summary judgment filing requirements to these *pro se* plaintiffs at the Local Rule 56 pre-filing conference in December 2017. Tr. at 13-14, 21-24 (ECF No. 87).

2. The plaintiffs still have not provided an Opposing Statement of Material Facts to rebut the 126-paragraph "Defendants' Statement of Material Facts" (ECF No. 76), as Local Rule 56(c) requires. "The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule."

---

[2] In their Reply regarding the pending motion, the plaintiffs say: "Associated evidences cited accompanied that disclosure. (EX 2M)." Pls.' Reply to Defs.' Resp. at 1 ("Pls.' Reply") (ECF No. 106). They attach a document that lists thirty numbered "Exhibits to Statement of Material Facts." (ECF Nos. 106-2, 106-3.) That document was not in the emails or related papers that produced the original opposition filing. See ECF No. 80; see also Declaration of Michelle Thibodeau at ¶ 11 (ECF No. 107).

Id. Therefore, as the Magistrate Judge stated on page 4 of the Recommended Decision that I adopted: "Under the Local Rule, Defendants' statements are 'deemed admitted' because Plaintiffs failed to dispute Defendants' statements—by denying or qualifying the statements, and by citing record evidence to support their denials and qualifications. D. Me. Loc. R.56(f)." (ECF No. 85.)

3. What the plaintiffs now have filed instead is apparently a counter-statement, or a statement of "additional facts," see Local Rule 56(c), dated February 9, 2018. The filing is virtually identical[3] to what they already included in their docketed February opposition to summary judgment, albeit now with citations to the record, something not included in their original filing. They provide no reason why it took them until November 4, 2018, a date during the appeal, to discover their February "error" in not filing this document. They could have checked the ECF docket at any time after their February filing, especially because the Clerk's Office alerted them promptly that in fact they had filed a duplicate document; the defendants pointed out the plaintiffs' failure in March[4]; and the Magistrate Judge also highlighted the omission on the fourth page of his Recommended Decision in June (ECF No. 85).[5] These observations and challenges from the Clerk's Office, the defendants, and the Magistrate Judge

---

[3] The document the plaintiffs have filed now has two numbered paragraphs that were not included in the fact section of their opposition to the defendant's motion for summary judgment that was filed in February. Compare Pls.' Opp'n at 14 with Pls.' Statement at 12. See also footnote 2, supra.

[4] "Plaintiffs did not file an opposing or additional statement of material facts. Instead, they make a number of unsupported assertions throughout their opposition brief without any citation to record evidence." Defs.' Reply at 2 (ECF No. 84).

[5] On page 4 of his Recommended Decision, the Magistrate Judge wrote: "Defendants . . . have satisfied the requirements of Local Rule 56. Plaintiffs have not complied with the Rule. Specifically, Plaintiffs have not filed a direct response to Defendants' statement of material facts." (ECF No. 85.)

4

should have alerted the plaintiffs to their omission, and there is nothing about November that explains why they have only now discovered their "error."[6]

4. The Magistrate Judge stated explicitly in his Recommended Decision that I adopted:

> In their summary judgment submission, Plaintiffs include factual statements that could conceivably be material to the summary judgment assessment. Plaintiffs, however, do not cite to supporting record evidence. Without citation to the record, Plaintiffs' assertions do not constitute record evidence for purposes of summary judgment. "[T]he Court is required to maintain a strict neutrality between opposing parties and even though a more forgiving reading may be appropriate for a pro se party in the summary judgment context, it is also true that '[j]udges and magistrate judges who review these filings must be able to rely on procedural rules so as to avoid becoming the lawyer for the unrepresented [party] or devoting an excessive portion of their time to such cases.'"

Id. at 4-5 (internal citations omitted). But he went on to say:

> Nevertheless, the factual assertions contained in the verified complaint and affidavits filed in connection with the summary judgment motion can be considered. That is, where a pro se litigant has failed to comply strictly with the summary judgment rules, this Court has considered the sworn assertions of record. In this case, in addition to the summary judgment record, *I have considered Plaintiffs' verified complaint and the affidavits filed by Plaintiffs in this action to the extent the allegations in the complaint and the assertions in the affidavits include facts that would be admissible in evidence and otherwise comply with the requirements of Federal Rule of Civil Procedure 56(c)(4).*

Id. at 5 (internal citations omitted) (emphasis added). The plaintiffs do not explain how their filing now of the "Plaintiffs' Statement of Material Fact" should

---

[6] They state: "Plaintiff's had electronic difficulties during this time as well as access to our Pacer account. To complicate things, this rolled into health issues with Robert who underwent triple heart bypass surgery followed by aortic abdominal aneurism surgery just one month after." Pls.' Reply at 1. This statement does not justify their indifference, until now, to the ongoing recurrent observations and challenges (in February, March, and June) recounted in text.

5

change the outcome of the Magistrate Judge's recommendation (which I adopted), given the evidence he already considered.

The First Circuit is clear that securing relief under Rule 60(b)(1) is a "demanding standard," Santos-Santos v. Torres-Centeno, 842 F.3d 163, 169 (1st Cir. 2016) (speaking there of excusable neglect[7]), and that there "must be something more than an attorney's failure to monitor the court's electronic docket." Id. Under the circumstances here, I see no reason to let the *pro se* plaintiffs escape that monitoring requirement. See Bennett v. Dr Pepper/Seven Up, Inc., 295 F.3d 805, 807-08 (1st Cir. 2002) (dealing with the question of a *pro se* litigant's excusable neglect).

The First Circuit has also said:

> Deciding what constitutes excusable neglect is a case-specific exercise, which requires "an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission." The pertinent facts and circumstances typically include such things as "the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith." Nevertheless, these factors are not entitled to equal weight. "Within the constellation of relevant factors, the most important is the reason for the particular oversight."

Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 4 (1st Cir. 2014) (internal citations omitted).[8] Addressing those factors, I find that

---

[7] The cases generally address the "excusable neglect" component, but there is no suggestion that inadvertence or mistake should produce a different analysis. Although the plaintiffs' caption to their motion describes it as a "motion for relief from judgement 60b(1) mistake, inadvertence, surprise or excusable neglect," (ECF no. 99 at 1), surprise is not at issue here.

[8] See also Mas Marques v. Digital Equip. Corp., 637 F.2d 24, 29 (1st Cir. 1980):
> The fact remains that [the plaintiff's] affidavit was not offered prior to the entry of [summary] judgment; in addition, no explanation was given for the failure to present the affidavit or its contents earlier, and no claim was made that further facts became known to [the plaintiff] only after judgment had been entered. In these circumstances, particularly where [the plaintiff] should have been aware of

6

there is no plausible explanation for the plaintiffs' claimed oversight; no reason for their ongoing delay in uncovering that oversight; a lengthy delay that has extended into the appeal's pendency; and a danger of prejudice to the other party, which has invested resources in pursuing the summary judgment motion, in resisting the plaintiffs' objection to the recommended decision, and in resisting the appeal of my decision adopting the recommended decision, all on the premise that the record was complete. The defendants challenge the plaintiffs' good faith, Defs.' Opp'n at 3, but I have no evidence for a finding on that issue in either direction. Finally, the plaintiffs have not demonstrated that granting the motion and entertaining the late filing now would change the ultimate outcome.

## CONCLUSION

Considering all the factors of Rivera-Velázquez and Santos-Santos, I conclude that the plaintiffs have failed to make their case for Rule 60(b)(1) relief, and I **DENY** their motion.

**SO ORDERED.**

**DATED THIS 17TH DAY OF DECEMBER, 2018**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

the deficiencies in his case before the entry of judgment, relief under Rule 60(b) would not have been justified. Grounds for relief under Rule 60(b)(1), due to "mistake, inadvertence, surprise, or excusable neglect," were not presented.